NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

(Reexamination No. 90/006,283)

**IN RE REHRIG PACIFIC COMPANY**

---

2011-1159

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: January 30, 2012

---

JOHN E. CARLSON, Carlson, Gaskey & Olds, P.C., of Birmingham, Michigan, argued for appellant.

RAYMOND T. CHEN, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were LYNNE E. PETTIGREW and JANET A. GONGOLA, Associate Solicitors. Of counsel was NATHAN K. KELLY, Associate Solicitor.

---

Before RADER, *Chief Judge*, PROST and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge.*

Rehrig Pacific Company (Rehrig) appeals from a decision by the Board of Patent Appeals and Interferences (Board) affirming the 35 U.S.C. § 102 rejection of representative claim 25 of U.S. Patent No. 6,283,044 ('044 patent) during reexamination. For the reasons set forth below, we *reverse* and *remand.*

## BACKGROUND

Rehrig is the assignee of the '044 patent, which describes and claims both pallet assemblies and "top frame assemblies." Pallets are commonly used in warehouses to store or transport goods, and "typically require large openings for receipt of pallet jacks." '044 patent col.1 ll.11-12, col.16 ll.38-40, col.2 ll.28-29. Figure 1 shows an example of a pallet assembly:



*Fig. 1*

"Top frame assemblies," which the '044 patent also calls "top frames," are "used to help stabilize the top of a shipment of objects in conjunction with a pallet at the bottom of the shipment." *Id.* col.16 ll.19-25. The top

frames claimed in the '044 patent comprise a top member and a bottom member, each with a plurality of cross-ribs. *Id.* col.17 ll.21-50. The cross-rib sections of the top and bottom members mate with each other to create box beam sections between the top and bottom members. *Id.* Figure 25 shows an example of a top frame:



Fig. 25

The Board treated claim 25 as representative of the claims on appeal, which are directed to top frames and methods of forming top frames. Claim 25 reads:

> A top frame assembly adapted for use with a pallet, *wherein the top frame assembly and the pallet have at least one layer of objects positioned therebetween*, the top frame assembly comprising:
>
> first and second top frame members each having an outer rail defining at least one opening through the top frame member, the first top frame member having a first plurality of cross-ribs extending

downwardly therefrom, the second top frame member having a second plurality of cross-ribs extending upwardly therefrom for mating with the first plurality of ribs, the first and second plurality of ribs fastened to each other to form a plurality of complete box beam sections between the first top frame member and the second top frame member.

*Id.* cl.25 (emphasis added). After construing the term "top frame," the Board affirmed the rejection of claim 25 as anticipated by German patent DE 32 05 910 A1 (Konig). Rehrig appeals the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## DISCUSSION

We review the U.S. Patent and Trademark Office's (PTO's) claim construction *de novo*. *In re Baker Hughes Inc.*, 215 F.3d 1297, 1301 (Fed. Cir. 2000). During reexamination, "the PTO must give claims their broadest reasonable construction consistent with the specification." *In re Suitco Surface, Inc.*, 603 F.3d 1255, 1259 (Fed. Cir. 2010). Anticipation is a question of fact that we review for substantial evidence. *Id.*

### Claim Construction

The only disputed terms in claim 25 are "top frame assembly" and "top frame," which the '044 patent uses interchangeably. The Board construed the term "top frame" as "a structure placed on top of a shipment of goods, resting on a pallet, to help stabilize them." J.A. 9. The Board held that the preamble limits the claim by distinguishing between a top frame and a pallet, but rejected Rehrig's argument that "top frame" should be construed to exclude certain structural elements associated with pallets, such as openings for forklift tines. The

Board thus concluded that "the only requirement of a 'top frame' assembly is that it be a structure which is able to 'stabilize' objects when placed on top of a shipment of objects resting on a pallet." J.A. 11-12. In its denial of Rehrig's Request for Rehearing, the Board clarified its construction by explaining that a top frame must merely be "a structure 'capable of being used' on top of a pallet of goods to stabilize them." J.A. 21.

Rehrig argues that the Board erred and that we should construe "top frame" to exclude structural features of pallets. Rehrig argues that its proposed construction comports with the ordinary and customary meaning of the term, as shown in the prior art. It relies on U.S. Patent No. 5,160,029 (Piggot), entitled "Unitary Top Frame," which teaches that "top frames are, at times, employed in conjunction with the pallet and the goods. The goods are placed on the pallet and a top frame is placed on the goods." Piggot, col.1 ll.46-49. Rehrig notes that the top frame in Piggot does not have multiple decks or forklift tine openings.

Rehrig also argues that the '044 specification shows that the term top frame excludes structural features of pallets. Rehrig contends that the specification consistently uses the terms pallet and top frame as separate and distinct concepts, which it argues defines top frame by implication as being different from a pallet. Rehrig notes that the two top frame embodiments disclosed in the '044 patent lack the columns, multiple decks, and forklift tine openings present in the four disclosed pallet embodiments, and that these features would be a disadvantage for the functioning of a top frame. Rehrig also points out that while every pallet claim in the '044 patent recites multiple decks and a column between the decks, none of the top frame claims recite these structural features.

The PTO argues that the Board correctly interpreted the term "top frame." The PTO contends that the '044 patent differentiates between pallets and top frames only in terms of their use, and does not define top frame to exclude the structural features of pallets. The PTO also argues that the prior art does not establish an ordinary and customary meaning of the term top frame that excludes the structural features of pallets.

We agree with the PTO that the '044 specification does not clearly disavow top frames that include features common to pallets, such as openings for forklift tines. We hold, however, that the Board erred when it construed top frame as a structure that is merely "'capable of being used' on top of a pallet of goods to stabilize them." J.A. 21. The parties do not dispute that the preamble of claim 25 limits the claim, but disagree as to whether it imposes a structural limitation that a top frame must be used on top of a pallet of goods. The preamble recites a "top frame assembly adapted for use with a pallet, wherein the top frame assembly and the pallet have at least one layer of objects positioned therebetween." '044 patent cl.25. Claim 25 thus differentiates between a pallet and a top frame by defining a pallet as a structure that is positioned below a layer of objects and a top frame as a structure that is placed on top of the objects. We conclude, based on the explicit claim language, that a top frame must be a structure placed on top of a layer of objects. This construction is consistent with the specification, which states that a "top frame is used to help stabilize the shipment of objects at the upper end in conjunction with a pallet at the lower end." '044 patent col.5 ll.41-43. The specification further discloses that a top frame may be "positioned on top of" multiple layers of goods so that they are "sandwiched" between a pallet and the top frame. *Id.* col.16 ll.55-57. Similarly, figure 18 depicts several layers of

goods resting on a pallet with a top frame on top of the goods. *Id.* fig.18. The specification also states that with a top frame "positioned and secured on top of the stack [of goods], it is contemplated that another pallet . . . may be stacked on top of [the] top frame." *Id.* col.17 ll.65-67.

Invalidity

In a split decision, the Board affirmed the rejection of claim 25 as anticipated by Konig under 35 U.S.C. § 102(b). Konig discloses a plastic pallet with an upper and lower plate, each having "longitudinal and crosswise ribs . . . positioned in mirror image to each other," which "form pipes with an approximately rectangular cross-section" when the plates are welded together. DE 32 05 910 A1 at 4, ll.17-27. Based on its construction of the term top frame, the Board held that the pallet taught by Konig meets every structural limitation recited in claim 25. The Board reasoned that Rehrig introduced no evidence that Konig's pallet could not be used as a top frame. The dissenting judge argued that Konig could not anticipate claim 25 because the record contains no evidence that the pallets in Konig were ever placed on top of goods.

Anticipation is a question of fact that we review for substantial evidence. *Suitco Surface*, 603 F.3d at 1259. A patent claim is anticipated if every limitation is found in a single prior art reference. 35 U.S.C. § 102. We hold that the Board erred by finding that Konig discloses every limitation of claim 25. As discussed above, the broadest reasonable construction of top frame is that it is a structure placed on top of goods. The dissenting Board judge correctly noted, however, that Konig contains no teaching that pallets could be placed on top of goods to stabilize them. Because we hold that the Board lacked substantial evidence that Konig teaches this limitation, we reverse its

decision holding that claim 25 was anticipated and remand.

**REVERSED AND REMANDED**